IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CARL LEE PETERS**                                                                                              **PLAINTIFF**

v.                                                                       CIVIL ACTION NO. 2:23-cv-11-KS-MTP

**MISSISSIPPI ATTORNEY GENERAL, ET AL.**                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the orders of this Court. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice.

On January 23, 2023, Plaintiff, proceeding *pro se*, filed his Complaint, along with a Motion for Leave to Proceed *in forma pauperis* [2]. However, on January 31, 2023—with his IFP Motion [2] still pending—Plaintiff paid the filing fee in this action. Thus, on February 1, 2023, the Court denied the IFP Motion as moot. *See* Order [5]. The Court also instructed Plaintiff that he is responsible for service of process pursuant to Federal Rule of Civil Procedure 4.[1]

Plaintiff has a duty to properly serve Defendant with process under Fed. R. Civ. P. 4 within 90 days after the Complaint is filed. *See* Fed. R. Civ. P. 4(c) (providing that "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"); *see also* Fed. R. Civ. P. 4(m) (providing that a plaintiff must serve the defendant with the complaint within 90 days after the complaint is filed). Although Plaintiff's Complaint was filed on January 23, 2023,

---

[1] As Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915, the Court and the United States Marshals Service have no obligation to serve process on Plaintiff's behalf. *See* Fed. R. Civ. P. 4(c).

Plaintiff did not pay the filing fee until January 31, 2023. Weighing all doubt in Plaintiff's favor, the 90-day time limitation began to run on January 32, 2023, the date the filing fee was paid. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 N.D. Tex. 2005); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004).

Thus, the Court directed Plaintiff to serve each Defendant and file proof of service by May 1, 2023 (90 days from the date the filing fee was paid) *See* Order [5]. The Court warned Plaintiff as follows: "Unless the Court extends the time for service based upon a showing of good cause, Plaintiff's failure to properly serve each Defendant and file a proof of service by [May 1, 2023] may result in a dismissal without prejudice as to any unserved Defendant(s)."

Plaintiff did not serve process by May 1, 2023, as ordered nor did he file a proof of service. On May 15, 2023, the Court entered an Order [9], directing Plaintiff to (a) show cause on or before May 30, 2023, why this case should not be dismissed for his failure to timely serve process or (b) file the proof of service on or before May 30, 2023. The Court warned Plaintiff that his failure to respond to the Order the Show Cause [9] or to properly serve Defendants by the deadline may result in the dismissal of this action without prejudice and without further notice. To date, Plaintiff has not responded to the Order to Show Cause [9], filed any proof of service, or even had a summons issued.

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the compliant is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Additionally, pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v.*

*Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute this action and to comply with the Court's orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 13th day of June, 2023.

        s/Michael T. Parker
        UNITED STATES MAGISTRATE JUDGE